## ˙Amis *v.* Pearle.

Motion by the counsel of the defendant, to docket and dismiss a case in which a writ of error had been sued out of the Circuit Court, the plaintiff in error having failed to file the writ of error in the Supreme Court, and to prosecute the same. The counsel for the defendant in error produced the original writ of error, signed by the clerk of the Circuit Court, and a citation signed by the judges of the Circuit Court. Held, that the substance of the forty-third rule of the Court was complied with; and the case was docketed and dismissed. The production of the writ of error, with the citation, is the highest evidence that the writ of error has been duly sued out and allowed. The certificate of the clerk of the Circuit Court required by the rule, is but prima facie evidence. ·

ON a motion on behalf of the defendant in error, to docket and dismiss the suit, under the forty-third rule of the Court.

Mr. Justice Story delivered the opinion of the Court.

In this case a motion has been made on behalf of the defendant in error, to docket and dismiss this suit, under the forty-third rule of the Court. That rule allows the suit to be docketed and dismissed, upon the production of a certificate from the clerk of the Court below, certifying that the writ of error had been duly sued out and allowed. In the present case no such certificate is produced. But the original writ of error, (signed by the clerk of the Court below,) and also a citation signed by the judge of the Court, is produced by the defendant in error, and is now before us. Under these circumstances, we are of opinion that the substance of the rule is complied with. The certificate of the clerk is but prima facie evidence of the issuing and allowance of the writ of error: whereas, the production of the writ of error, with the citation, is the highest evidence of the fact, that the writ of error has been duly sued out and allowed. Under these circumstances, the Court are of opinion that the motion ought to be granted. In point of fact, this same question came before this Court, in the case of Ward and others *v.* The Commonwealth Bank of Kentucky, at Janu-

[Amis *v.* Pearle.]

ary term, 1838, under circumstances less cogent; and the same decision was then made. In that case, certified copies of the writ and citation, were filed, and not the originals; and the Court ordered the case to be docketed and dismissed.